UNITED STATES DISTRICT COURT　　　　　　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2016
David J. Bradley, Clerk

| | |
|---|---|
| Donna Alfred, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-15-0569 |
| § | |
| Harris County Hospital District § | |
| *doing business as* § | |
| Harris Health System, § | |
| § | |
| Defendants. § | |

# Opinion on Liability

1. *Introduction.*

   Donna Alfred took leave from work under the self-care provision of the Family Medical Leave Act. While on leave, her employer, Harris Health System, received complaints about her management style. When she returned to work she was demoted. She says that she was demoted because she took leave. She asks the court for damages and reinstatement. Harris Health is sovereignly immune; Alfred's claims will be dismissed with prejudice.

2. *Background.*

   Alfred worked as a senior manager in the Patient Financial Services Department of Harris Health. After five years of employment, she requested leave to undergo surgery. The Act allows an employee to take leave to care for herself – the "self-care provision" – or to care for someone else – the "family-care provisions." From June 5 to July 21, 2014, she took leave under the self-care provision.

   A few weeks before returning to work her supervisor sent an electronic message, on July 9, 2014, outlining a "hornets nest of complaints" about her management. When she returned to work on July 22, 2014, she was demoted.

3. *Alfred's Complaint*

On March 3, 2015, Harris Health removed this case and waived its immunity from suit. At the initial conference, Harris Health asserted that it was sovereignly immune to Alfred's claim because it was brought under the self-care provision of the Act; however, it conceded that it would not be immune to claims brought under a family-care provision. Alfred promptly asked to amend her complaint to include a claim under a family-care provision.

She said that Harris Health had recently disclosed that she had mentioned her mother's health as a reason for accepting the demotion. She said that this showed, although the message is dated after her return from leave, that she *actually* took leave to care for her mother – a family-care provision. Alfred's justification for accepting a demotion does not categorically change the provision under which she requested and took leave. She was not allowed to amend her complaint.

She now, again, asks the court to let her amend her complaint because she says her demotion was causally connected to leave to care for her mother. She pleads for the court to allow her to conduct discovery to illuminate information that she already knows – or would have known a long time ago if it were true. She has testified that: (a) she only requested Act leave once from Harris Health, (b) she took that leave to care for herself, (c) her retaliation claim arises from that leave, and (d) she never discussed her need for leave to care for her mother with Harris Health. She never requested leave under a family-care provision; what's not asked cannot be interfered with, restrained, or denied. Taken at her word, the only leave she requested or took under any provision of the Act was for self-care.

She may not amend her complaint.


4. *Immunity from Liability.*

Judicial perversions of the Eleventh Amendment deprive a court of subject jurisdiction over claims against a state that arise from the self-care provision of the Act. When determining whether it has jurisdiction, a court is not limited to the complaint. It may evaluate the entire record to incorporate undisputed facts and to preliminary resolve disputed facts.

Harris Health is a subdivision of the State of Texas.[1] States are immune from liability for claims that arise from the self-care provision of the Act.[2] Alfred took leave for self-care provision to undergo and recover from a surgery herself. Harris Health is immune from liability.

Alfred also asks for reinstatement to her position. The law bars every recitation of her claims or relief she seeks.[3]

The court does not have subject jurisdiction over Alfred's claims because Harris Health is sovereignly immune.

3.  Conclusion.

Alfred's claims arise from the self-care provision of the Act. The Constitution precludes her claims for damages and equitable relief from this court's jurisdiction. Her claim will be dismissed with prejudice.

Alfred filed a baseless suit at law and obliged the defendant to repeatedly respond to new pleadings with unsupported allegations. Pleading in the alternative is fine for legal theories, but it is not for facts – facts the party knows and has sworn to. A party representing a single fact as both true and false does not create a fact issue; it engenders an ethical one.

Signed on January 7, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] Tex. Const. art IX, § 14.

[2] *Coleman v. Ct. of App. of Md.*, 132 S.Ct. 1327, 1332 (2012).

[3] *Bryant v. Texas Dept. of Aging and Disability Services*, 781 F. 3d 764, 769 (5th Cir. 2015).